UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


HAJI BONAKCHI                                   CIVIL ACTION

VERSUS                                          NO: 15-2974

LORETTA LYNCH, ET AL                            SECTION: "H"(2)

ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 14).  Plaintiff opposes this Motion.  For the following reasons, the Motion is **GRANTED**.


BACKGROUND

In this immigration, case Plaintiff Haji Bonakchi seeks this Court's review of the United States Citizenship and Immigration Services' ("USCIS") decision to revoke his I-526 Immigrant Petition by Alien Entrepreneur ("I-526 petition").  A brief background of Plaintiff's immigration history and the relevant statutory provisions is helpful to the disposition of this Motion.

1

On January 21, 1987, Plaintiff, a Canadian citizen, married United States citizen Melissa Ann Munoz at a ceremony in Brussels, Belgium. Ms. Munoz thereafter filed an I-130 Petition for Alien Relative on Plaintiff's behalf. Based on the subsequent testimony of Ms. Munoz, USCIS contends that this marriage was fraudulently entered into with the intent to gain entry into the United States.[1]

Around August 9, 2001, Plaintiff entered the United States in temporary nonimmigrant E-2 status as a potential investor. On December 1, 2006, he filed an I-526 petition with the USCIS seeking classification as an alien entrepreneur. The Immigration and Nationality Act provides for classification of "employment creation" immigrants who invest capital in commercial enterprises in the United States that create full time employment for U.S. workers.[2] Alien investors who meet certain requirements may file an I-526 petition seeking an immigrant visa.[3] An approved visa petition is a preliminary step in the visa application process. Such approval does not guarantee that an immigrant visa will be issued, however it does give the alien investor the right to apply for two-year conditional permanent resident status.[4]

Plaintiff's I-526 petition was approved on September 24, 2007. In October 2007, he filed an I-485 Application to Register Permanent Residence or Adjust Status. During the course of processing this application USCIS

---

[1] Doc. 14-1 at 5.
[2] 8 U.S.C. § 1153(b)(5).
[3] 8 U.S.C. § 1186b(a)(1).
[4] *Id.*

found that Plaintiff had previously sought entry to the United States through a marriage entered into for the purpose of evading the immigration laws of the United States, thus barring his present application. USCIS therefore issued a Notice of Intent to Revoke Plaintiff's I-526 petition on August 6, 2010. After providing Mr. Bonakchi with the opportunity to respond, USCIS issued a Notice of Revocation revoking his I-526 petition. Plaintiff's I-485 petition was also denied.

Plaintiff appealed the revocation to the Administrative Appeals Office ("AAO"), alleging several procedural deficiencies regarding the USCIS proceedings. The AAO affirmed the decision of USCIS, finding that the revocation was based on good and sufficient cause. Plaintiff then filed this action seeking judicial review of USCIS's decision to revoke the I-526 petition. He asks this Court to declare that Plaintiff is eligible for an adjustment of status, to find that USCIS's denial of Plaintiff's adjustment of status was unlawful, and to order USCIS to adjudicate and approve Plaintiff's application.[5] Defendants move for dismissal, contending that this Court is without jurisdiction to review this matter.[6] Alternatively, Defendants move to dismiss pursuant to Rule 12(b)(6).[7] Plaintiff opposes this Motion.[8]

---

[5] Doc. 1 at 11.
[6] Doc. 14.
[7] *Id.*
[8] Doc. 15.

3

## LEGAL STANDARD

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[9] In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.[10] The proponent of federal court jurisdiction—in this case, the Plaintiff—bears the burden of establishing subject matter jurisdiction.[11]

## LAW AND ANALYSIS

Defendant argues that 8 U.S.C. § 1252(a)(2)(B)(ii) strips this Court of jurisdiction to review USCIS's decision to revoke Plaintiff's I-526 petition. This statute provides that courts do not have jurisdiction to review "any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title."[12] Under 8 U.S.C. § 1155,

---

[9] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).
[10] *Den Norske Stats Oljesels kap As v. Heere MacVof*, 241 F.3d 420, 424 (5th Cir. 2001).
[11] *See Physicians Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012).
[12] 8 U.S.C. § 1252.

"[t]he Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title."[13]

In *Ghanem v. Upchurch*, the Fifth Circuit squarely confronted whether a district court has jurisdiction to review the revocation of a previously approved immigrant visa petition. Acknowledging a split in authority among the circuits, the court concurred with the Third and Second Circuits, holding that a revocation pursuant to § 1155 of a previously approved visa petition is a discretionary act not subject to judicial review:

> The statutory language indicates that the decision is left to the discretion of the Secretary. The only language that indicates that the discretion could be limited is the "good and sufficient cause" phrase. However, when read in context and as a whole, the statute makes clear that Congress delegates to the Secretary the decision to determine what constitutes good and sufficient cause . . . . Congress's intent is apparent: the good and sufficient cause is what the Secretary deems it to be.[14]

The parties do not dispute that Plaintiff's I-526 petition was revoked pursuant to § 1155. Accordingly, this plain statement of the law indicates that this Court is without jurisdiction. Plaintiff disagrees, however, advancing several arguments in favor of jurisdiction.

Plaintiff first argues that the jurisdictional prohibitions of § 1252 do not apply to this revocation action because that statute is titled "Judicial review of

---

[13] Plaintiff's original petition was approved pursuant to 8 U.S.C. 1153(b)(5).
[14] *Ghanem v. Upchurch*, 481 F.3d 222, 224 (5th Cir. 2007).

orders of removal." The title of a statute does not, however, serve to limit the plain meaning of the statutory text.[15] Section 1252 is a broad, wide ranging statute covering multiple jurisdictional issues presented in immigration proceedings. Though the Fifth Circuit has not directly confronted the issue, several other circuits faced with determining whether the jurisdictional prohibition contained in § 1252(a)(2)(B)(ii) applies outside of removal proceedings have answered the question in the affirmative.[16] Moreover, such a finding is implicit in the Fifth Circuit's decision in *Ghanem*, where the court found that § 1252(a)(2)(B)(ii) precluded review of a matter outside of removal proceedings, namely the revocation of a visa pursuant to § 1155.[17]

---

[15] *Bhd. of R. R. Trainmen v. Baltimore & O. R. Co.*, 331 U.S. 519, 528 (1947) ("Where the text is complicated and prolific, headings and titles can do no more than indicate the provisions in a most general manner; to attempt to refer to each specific provision would often be ungainly as well as useless. As a result, matters in the text which deviate from those falling within the general pattern are frequently unreflected in the headings and titles.").

[16] *Abdelwahab v. Frazier,* 578 F.3d 817, 820 (8th Cir. 2009) ("By its plain language, § 1252(a)(2)(B)(ii) applies to discretionary action not taken in a removal proceeding"); *CDI Information Services, Inc. v. Reno,* 278 F.3d 616, 619 (6th Cir. 2002) ("Therefore, we hold, as several other courts have held, that section 1252(a)(2)(B)(ii) is not limited to discretionary decisions made within the context of removal proceedings."); *Van Dinh v. Reno*, 197 F.3d 427, 432 (10th Cir. 1999)("Reviewing § 1252, which is both complicated and prolific, we see that it addresses a multitude of jurisdictional issues, including ones that are collateral to the review of a final order of deportation . . . . We conclude that § 1252(a)(2)(B)(ii) is not limited in application only to review by the circuit courts of final orders of removal.").

[17] 481 F.3d 222 (5th Cir. 2007). *See also Zhao v. Gonzales*, 404 F.3d 295, 302 (5th Cir. 2005) (indicating that 1252(a)(2)(B)(ii) applies to all actions specified as discretionary in the immigration subchapter of Title 8).

In his search for a jurisdictional predicate, Plaintiff cites to *Zhao v. Gonzales*[18] and *Ayanbadejo v. Chertoff*.[19]  These cases are, however, distinguishable from the matter at bar, as neither involved the revocation of a previously approved visa petition pursuant to § 1155.  In *Zhao*, the court considered whether it had the jurisdiction to entertain an appeal of the Board of Immigrations Appeals' denial of a motion to reopen proceedings.[20]  The court found jurisdiction because BIA's discretion to entertain a motion to reopen proceedings is not embodied in the subsection of Title 8 governing immigration proceedings, as required for § 1252(a)(2)(B)(ii)'s jurisdictional prohibition to apply.[21]  The Court therefore concluded that it had jurisdiction, noting that § 1252(a)(2)(B)(ii) precludes review of those decisions specifically identified as discretionary in the statute.[22]  Indeed, *Zhao* undercuts Plaintiff's arguments, as revocation of a visa petition is a discretionary decision.  Plaintiff fares no better with his citation to *Ayanbadejo*.  There, the court concluded that the district court had jurisdiction to review the denial of an I-130 petition because there was no statutory grant of discretion to deny such a petition.[23]  The court found, however, that the district court was without jurisdiction to review the denial of plaintiff's I-485 petition because such a determination was subject to

---

[18] 404 F.3d 295.
[19] 517 F.3d 273 (5th Cir. 2008).
[20] 404 F.3d at 301.
[21] *Id.* at 302.
[22] *Id.*
[23] 517 F.3d at 276.

a statutory grant of discretion.[24] Here, Plaintiff seeks review of an action specified as discretionary in Title 8—namely, the revocation of a previously approved petition under § 1155. Accordingly, the Court lacks jurisdiction under the plain language of the statutory text and the holding of *Ghanem*.[25]

In further search for a jurisdictional basis, Plaintiff turns to 8 U.S.C. § 1252(a)(2)(D). This provision provides for judicial review of "constitutional claims or questions of law raised upon a petition for review filed with an appropriate *court of appeals*."[26] Because this is not a court of appeals, this provision does not provide this Court with jurisdiction.

As outlined above, this Court is without jurisdiction based on the clear provisions of 8 U.S.C. § 1252. Accordingly, this action is subject to dismissal pursuant to Rule 12(b)(1).

---

[24] *Id.* at 277.

[25] Plaintiff asserts that as applied *Ghanem* leads to "an illogical anomaly in which the denial of a petition is not reviewable as long as the agency revokes rather than denies a petition." Though Plaintiff may perceive such an anomaly, the statutory language is clear. Section 1153, which governs the approval of visa petitions, does not contain the grant of discretion present in § 1155, which governs their revocation. It is beyond the province of this Court to question Congress's grant of discretion in some contexts but not others.

[26] 8 U.S.C. § 1252(a)(2)(D) (emphasis added). *See also Huerta v. Clinton,* No. 09-3229, 2010 WL 565279, at *4 (S.D. Tex. Feb. 17, 2010) (holding that § 1252(a)(2)(D) does not confer jurisdiction on district courts).

8

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's case is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this __9__th day of March, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**